Thomas C. Cook, Esq.
State Bar No. 168570
THE LAW OFFICES OF THOMAS C. COOK
500 N. Rainbow Blvd., Suite 300
Las Vegas, NV 89107
(702) 221-1925
Attorney for Defendant Edward Heckerson

## UNTIED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,<br><br>Plaintiffs,<br><br>vs.<br><br>RICHARD RAUSCH, MARK THEIS, AND KIRK WHITING, EDWARD HECKERSON. Individually and ficticiously doing business as FIND A QUOTE,<br><br>Defendants. | Case No.: C-08-3186-EDL<br><br>OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AND MOTION TO SET ASIDE DEFAULT AGAINST EDWARD HECKERSON |

COMES NOW Defendant EDWARD HECKERSON, by and through his attorney Thomas C. Cook, Esq., and moves the Court for an Order Setting Aside the Default and any Default Judgment entered against Defendant EDWARD HECKERSON.

This Motion is made and based upon the attached Memorandum of Points and Authorities, all pleadings, papers, records or other documents on file herein, and upon such oral and/or documentary evidence as may be presented at the time of the hearing of this Motion.

DATED this 24th day of June, 2009.

By: _____
Thomas C. Cook, Esq.
State Bar No. 168570
500 N. Rainbow Blvd., Suite 300
Las Vegas, Nevada 89107
Attorney for Defendant Edward Heckerson

## INTRODUCTION

The instant matter was purportedly served on Edward Heckerson at a business location listed at 2920 N. Green Valley Parkway, Henderson, Nevada 89014. However, Mr. Heckerson has not maintained an office there for at least two years. Further, service was accepted by an employee of the management company of those office suites, who did not forward the Summons and Complaint to Mr. Heckerson. Finally, Plaintiffs were actually aware of Mr. Heckerson's actual office address, as it appears in Exhibit F to the First Amended Complaint (see Exhibit 2).

Defendant Edward Heckerson was first made actually aware of the Summons and Complaint on or about March 24, 2009 when the undersigned counsel for Mr. Heckerson received a package from Plaintiff's counsel containing the Entry of Default and the First Amended Complaint.

## POINTS AND AUTHORITIES

**A.     Service of Process Not Proper Under FRCP Rule 4(e)**

-2-

Federal Rule of Civil Procedure 4(e) provides the manner in which an individual within a judicial district of the United States is to be served a Summons and Complaint. FRCP 4(e) states as follows:

"(e) Serving an Individual Within a Judicial District of the United States.

Unless federal law provides otherwise, an individual, other than a minor, an incompetent person, or a person whose waiver has been filed, may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each of the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

© delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

In this case, none of the above procedures were followed in the purported service on Mr. Heckerson. Service was left at an office suite in which Mr. Heckerson had not maintained an office for at least two years. While California law does allow for personal service to be left at the defendant's office during normal business hours (see California Code of Civil Procedure 415.20(a)), the fact is that the address served, i.e. 2920 N. Green Valley Parkway, Henderson, Nevada, was not Mr. Heckerson's business address, nor was it for at least two years. Further, Nevada law does not provide for personal service at a business address (see Nevada Rules of Civil Procedure 4(d)(6)). Finally, since process was not served on Mr. Heckerson personally, was not left at his dwelling or usual place of abode, and was not left with any authorized agent, then no effective service was ever served on Mr. Heckerson.

B.   **Default and any Default Judgment Should Be Set Aside Pursuant to FRCP 60**

Federal Rule of Civil Procedure 60(b) provides for the Court to relieve a party from a Judgment, as follows:

**"(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**

On motion just terms, the court mat relieve a party or it's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

It is axiomatic that the policy and interest of this District's Courts is for the judicial system to hear cases on their merits, and not to enter judgments in absentia; nor is it the policy of this District's judicial system to enforce a default judgment where there is an express desire and intent to defend on the merits. Moreover, the Summons and First Amended Complaint was filed by the Plaintiffs on January 15, 2009. The Federal Rules of Civil Procedure provide that in any case, a plaintiff would ordinarily have 120 days, for purposes of serving summons and complaint on a defendant. Yet, this case has gone from filing to judgment in little over half the time permitted by the rules for service of process. With this entire case approximately three months old, setting aside a default judgment and permitting this Defendant to answer the allegations made against it is preferable to upholding a default. Especially herein, where it appears that the

alternative would be for this Court to uphold the entry of a default judgment against Defendant Heckerson in an amount in excess of $13,000,000. Such a result would be unconscionable.

In determining whether there has been compliance with Rule 60, it has been held that the court may relieve a party from a final judgment on grounds of mistake, inadvertence, surprise, or excusable neglect when the following factors are apparent, as these indicate compliance with the requirements of the rule: (1) A prompt application to remove the judgment; (2) absence of an intent to delay the proceedings; (3) a lack of knowledge of procedural requirements; and (4) good faith. See Yochum v. Davis, 98 Nev. 484, 653 P.2d. 1215 (1982). Given the above, Defendant Heckerson asserts that all of the factors are met. There is no intent to delay these proceedings, and, indeed the facts evidence the contrary. It is Defendant Heckerson's desire to defend on the merits, and has filed this application less than 30 days after the Default was granted (which was granted less than 90 days after the Summons and First Amended Complaint was originally filed). Defendant, not being an attorney, had no knowledge of procedural rules. Finally, this application to set aside the Default and any Judgment by Default is made in good faith. The facts clearly indicate that the Defendant retained counsel to defend this case promptly after actually learning of this matter, and that the Defendant has a clear and patently obvious desire to defend this case on the merits.

An argument can also be made that this Default should be set aside under FRCP 60(b)(3). According to Plaintiff's own exhibits, Plaintiffs were well aware of Defendant Heckerson's actual business address of 500 N. Rainbow Blvd., Suite 300, Las Vegas, Nevada. However, they purposely chose to deliver service to an address that Defendant Heckerson had not maintained for at least two years, and represent to this honorable Court that they had properly perfected

service. Such conduct clearly rises to the level of fraud, misrepresentation or misconduct as contemplated by Rule 60(b)(3).

**PRAYER**

For the foregoing reasons, and based upon the authorities set forth herein, Defendant Edward Heckerson respectfully requests that the Default granted by this Court on March 23, 2009, and any subsequent Judgment by Default, be set aside. Service of Process under FRCP 4 was clearly not properly perfected, Defendant has met the requirements set forth in Yochum, and FRCP 60(b) explicitly provides for such relief.

DATED this 24th day of June, 2009.

By: _____
Thomas C. Cook, Esq.
State Bar No. 168570
500 N. Rainbow Blvd., Suite 300
Las Vegas, Nevada 89107
Attorney for Defendant Edward Heckerson

-6-

# PROOF OF SERVICE

I, Thomas C. Cook, Esq., declare that I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 500 N. Rainbow Blvd., Suite 300, Las Vegas, Nevada 89107.

On June 24, 2009, I served the following document:

**OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AND MOTION TO SET ASIDE DEFAULT AGAINST EDWARD HECKERSON**

On the parties listed below as follows:

| | |
|---|---|
| Singleton Law Group | Richard Rausch |
| 611 "L" Street, Suite "A" | c/o Bennet G. Kelley |
| Eureka, CA 95501 | INTERNET LAW CENTER |
| | 100 Wilshire Blvd., Suite 950 |
| KIRK WHITING | Santa Monica, CA 90401 |
| 540 E. Foothill Blvd. | |
| San Dimas, CA 91773 | |

X     By first class mail by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at Las Vegas, Nevada.

X     (Federal)     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 24, 2009 at Las Vegas, Nevada.

_____
Thomas C. Cook, Esq.