**Jason K. Singleton**, State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
**FAX  441-1533**

**Attorneys for Plaintiffs, ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET<br><br>     Plaintiff,<br>vs.<br><br>RICHARD RAUSCH, MARK THEIS, AND KIRK WHITING, EDWARD HECKERSON, individually and fictitiously doing business as FIND A QUOTE, and DOES ONE through FIFTY, inclusive,<br><br>     Defendants. | Case No.  C-08-3186 EDL<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMO OF POINTS AND AUTHORITIES**<br><br>DATE: Tuesday, December 22, 2009<br>TIME:   2:00 p.m.<br>CRTM: E, 15th Floor<br>         San Francisco |

### I. NOTICE OF MOTION AND MOTION:

To Defendant, **EDWARD HECKERSON individually and doing business as FIND A QUOTE**, and his attorney of record, **THOMAS C. COOK**:

Please take notice that on Tuesday, December 22, 2009, at 2:00 PM, or as soon thereafter as counsel may be heard by the above entitled Court, located in Courtroom E, 15th Floor, 450 Golden Gate Ave., San Francisco, California.  Plaintiff ASIS INTERNET SERVICES will and hereby does move the Court for an order of Summary Judgment.

Said Motion is based on the following grounds:

1. Defendant **EDWARD HECKERSON** has failed to respond to Plaintiff

ASIS INTERNET SERVICES' Request for Admissions, those admissions are therefore deemed admitted (**FRCP** Rule 36(a)(3), and taken together form a basis for summary judgment.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herein, and upon such other matters as may be presented to the Court at the time of the hearing.

**SINGLETON LAW GROUP**

Dated:    October 27, 2009    /s/ Jason K. Singleton
Jason K. Singleton,
Richard E. Grabowski, Attorneys for Plaintiffs,
**ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba FOGGY.NET**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    STATEMENT OF FACTS**

   **1.    History**

Plaintiffs are providers of internet access and email services as defined by the ***CAN SPAM Act*** 15 **U.S.C.** §7701, et seq. Defendant Edward Heckerson is an internet marketer who sent ***CAN SPAM Act*** violative emails to Plaintiffs servers as is set out in detail in Plaintiffs First Amended Complaint.

Defendant Mark Theis was dismissed from the action on March 2, 2009.

Plaintiff ASIS Internet Services propounded upon Defendant Heckerson a First Set of Request for Admissions. Defendant Heckerson failed to respond, in any fashion. Plaintiffs' counsel sent a letter advising Defense counsel that responses were overdue. No response was received. The admissions are now deemed admitted, and Plaintiffs move for summary judgment on that basis.

The Court may well recall that Defendant EDWARD HECKERSON failed to appear when initially served, and only moved to set aside default when Plaintiff had filed for a Court Judgment. After the Court, upon stipulation, set aside the default, and set a time for Defendant to respond to the Complaint, Defendant still failed to Answer or otherwise plead within the time frame set forth by the Court. (Dockets 44 and 45). The Court again set yet

1  another deadline for Defendant to appear in the action. Defendants ultimately did get their
2  Answer on file, but after the Courts deadline. (Docket 51 and Declaration of Jason K.
3  Singleton (hereafter Dec. JKS) ¶¶2-4).

4  Defendants have not provided any initial disclosures whatsoever, and have also failed
5  to respond in any manner to Plaintiff's Interrogatories, or Demand for Inspection of Documents.
6  (Declaration of Jason Singleton in support hereof). Plaintiff also requested of Defense
7  counsel to provide a date for Mr. Heckerson's deposition. (Dec. JKS ¶¶7-8) No date was ever
8  offered, so Plaintiffs noticed the deposition for November 13, 2009. Defendant has failed
9  and/or refused to confirm whether Mr. Heckerson will appear for this deposition.

10 **B.  ARGUMENT**

   **1.  Admissions are deemed admitted upon failure to timely respond, and
11      such admissions may support summary judgment.**
12

13  **FRCP** Rule 36(a)(3) provides that: "*A matter is admitted unless, within 30 days after
14  being served, the party to whom the request is directed services on the requesting party a
15  written answer or objection addressed to the matter and signed by the party or its attorney.*"

16  Plaintiffs duly served upon Defendant Heckerson a First Set of Request for Admissions
17  on September 9, 2009. A true and correct copy is attached with Proof of Service to the
18  Declaration of Jason K. Singleton as Exhibit "A." Plaintiffs' counsel has contacted Defendant's
19  counsel repeatedly concerning the lack of response. No response whatsoever has been
20  received. (Dec JKS, ¶¶6-8) Consequently, the failure to timely respond to requests for
21  admissions results in automatic admission of the matters requested. No motion to establish
22  the admissions is needed because **FRCP** Rule 36(a) is self-executing. ***Federal Trade
23  Commission v Medicor, LLC et al***., 217 F.Supp.2nd 1048, (C.D. Cal. 2002) Unanswered
24  requests for admission may be relied on as the basis for granting summary judgment. ***Conlon
25  v United States of America***, 474 F.3d 616 (9th Cir. 2007)

26  **2.  Standard for Summary Judgment.**

27  Upon a showing that there is no genuine issue of material fact the court may grant
28  summary judgment on all or any part of Plaintiffs' claim. **FRCP** Rule 56(a). **FRCP** Rule 56(c)

states that the court shall grant summary judgment if:

> the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Material facts are determined by the substantive governing law. The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. ***Anderson v. Liberty Lobby, Inc.,*** 477 U.S. 242 at 248 and 249 (1986).

As is set forth herein, each element of Plaintiffs' claim is established by the admissions deemed admitted.

It is admitted that:

| ADMISSION | REQUEST # |
|---|---|
| Defendant Heckerson is and was in the business of sending bulk commercial emails. | #1 and #3 |
| That he did so for marketing purposes. | #5 |
| That Defendant Heckerson knew the Affiliates he had hired to send the bulk commercial email messages were doing so in violation of the ***CAN SPAM Act***. | #6 |
| To wit, such emails had false header information, and misleading subject lines | #7 and #8 |
| That Mr. Heckerson took no action to stop such behavior by the Affiliates | #12 |
| That Mr. Heckerson has a pattern and practice of doing so | #14 |
| That Defendant Heckerson sent, or had sent, such commercial email messages to Plaintiff ASIS' server during the period of November 16, 2006, through May 5, 2008 | #15 |
| That the domain name from which the subject emails were sent was obtained by means of false or fraudulent pretenses or representations | #16 |

Plaintiff ASIS Internet Services declares it received **24,724** such messages, and that same are submitted herewith under seal. (See Declaration of Nella White, ¶¶6, and Exhibit "C" thereto.)

In addition, Plaintiff ASIS has submitted evidence that it is a bona fide Internet Access Service under the definitions provided in the ***CAN SPAM Act of 2003***. (See Declaration of

Nella White ¶¶3, 4, 7, and 9, and Exhibits "A", "B", and "D"); (also see 15 **USC** §§7706(g)(1) and 7702(11), and 47 **USC** §231(e)(4) for definition of an IAS and establishing standing for an IAS to bring an action.)   ASIS has submitted evidence that it was adversely affected by this action.  (See Declaration of Nella White ¶¶5.)

The prima facie elements of a **CAN SPAM Act** claim consist of:

1. Grant of standing to an IAS (15 **USC** §7706(g)(1);

2. Adverse Affect (15 **USC** §7706(g)(1);

3. A procurer induced the sending of the emails with knowledge or conscious avoidance or knowledge that the person induced would violate the statute.  (15 **USC** §7706(g)(2) and §7702(12).)

4. Sending any type of email (commercial, transactional or relationship) that contains header information that is materially false or materially misleading shown by:

   a. header information that is technically accurate but includes an originating electronic mail address, domain name, or Internet Protocol address the access to which for purposes of initiating the message was obtained by means of false or fraudulent pretenses or representations shall be considered materially misleading; (15 **USC** §7704(a)(1)(A); or

   b. For purposes of paragraph (1), the term "materially", when used with respect to false or misleading header information, includes the alteration or concealment of header information in a manner that would impair the ability of an Internet access service processing the message on behalf of a recipient, a person alleging a violation of this section, or a law enforcement agency to identify, locate, or respond to a person who initiated the electronic mail message or to investigate the alleged violation, or the ability of a recipient of the message to respond to a person who initiated the electronic message.  (15 **USC** §7704(a)(6).)

5.  Sending Commercial Electronic Emails with a pattern or practice that contain misleading subject lines (15 *USC* §7706(g)(1)) if:

    a.  such person has actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that a subject heading of the message would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message. (15 *USC* §7704(a)(2).)

Plaintiff ASIS Internet Services, has set forth above, and has established each of these elements, and therefore requests the entry of Judgment against Defendant Edward Heckerson and in favor of Plaintiff for a permanent injunction against Mr. Heckerson prohibiting the sending of any emails in violation of the *CAN SPAM Act of 2003* and for statutory damages in the amount of **$3,090,500** for violations of 15 *USC* §7704(a)(1) and 15 *USC* §7704(a)(2).

This consists of: **24,724** emails in violation of 15 *USC* §7704(a)(1)(A) (sending domain was obtained with a false representation with a penalty of **$100 per email - $2,472,400**; and **24,724** emails in violation of 15 *USC* §7704(a)(2), misleading or deceptive subject lines, with a penalty of **$25 per email - $618,100**.

Plaintiff ASIS Internet Services also seeks recovery of reasonable attorney fees and costs, to be submitted upon a fee petition subsequent to the entry of Judgment.

**SINGLETON LAW GROUP**

Dated:   October 27, 2009          /s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski, Attorneys for Plaintiffs,
**ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET**