**Jason K. Singleton**, State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX  441-1533

**Attorneys for Plaintiffs, ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,<br><br>        Plaintiff,<br>vs.<br><br>RICHARD RAUSCH, MARK THEIS, AND KIRK WHITING, EDWARD HECKERSON, individually and fictitiously doing business as FIND A QUOTE, and DOES ONE through FIFTY, inclusive,<br><br>        Defendants. | Case No.  C-08-3186 EDL<br><br>**NOTICE OF MOTION AND MOTION FOR DISMISSAL OF DEFENDANT KIRK WHITING AND SEVERING OF ACTION AGAINST DEFENDANT RICHARD RAUSCH**, *FRCP* RULE 21<br><br>DATE:  Tuesday, March 30, 2010<br>TIME:    9:00 a.m.<br>CRTM: E, 15th Floor<br>              San Francisco |

I.  **NOTICE OF MOTION AND MOTION**:

To Defendant, **KIRK WHITING individually and doing business as FIND A QUOTE**, and his attorney of record, **THOMAS C. COOK,** and to Defendant **RICHARD RAUSCH**:

Please take notice that on Tuesday, March 30, 2010, at 9:00 a.m., or as soon thereafter as counsel may be heard by the above entitled Court, located in Courtroom E, 15th Floor, 450 Golden Gate Ave., San Francisco, California, Plaintiffs **ASIS INTERNET SERVICES** ("ASIS") and **JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET** ("Foggy") will and hereby do move the Court for an order dismissing Defendant Whiting and severing the claims against Defendant Rausch.

Said Motion is based on the following grounds:

1. Plaintiffs are unable to even contact Defendant Whiting or his attorney, and lacking further evidence cannot establish the necessary elements of the causes of action against Defendant Whiting.  While it is unfortunate that the case cannot be carried forward it is uneconomical for either Plaintiffs or the Court to pursue further actions.  In addition, it is likely from the evidence on hand that Defendant Whiting was merely an employee of Defendant Heckerson and therefore would have limited liability in this matter.  Plaintiffs are therefore willing to dismiss this Defendant.

2. Plaintiffs have obtained a default judgment against Defendant Rausch. Defendant Rausch has declared bankruptcy and failed to mount any defense in this matter.  In order that the matter may be decided by the Court, Plaintiffs request that the action of Defendant Rausch be severed from the within action and that the Court retain jurisdiction over the severed case in order to issue a final ruling in that matter once the within matter is concluded.

3. **FRCP** Rule 21 grants the Court authority on motion to drop or sever any party.

This motion is based on this Notice of Motion and Motion and upon such other matters as may be presented to the Court at the time of the hearing.

**SINGLETON LAW GROUP**

Dated:    February 18, 2010         /s/ Jason K. Singleton
Jason K. Singleton,
Richard E. Grabowski, Attorneys for Plaintiffs,
**ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba FOGGY.NET**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    The court has authority to drop any party on motion or on its own.**

The Court has discretion to drop any party or sever any action on motion or on its own, "on just terms".  **FRCP** Rule 21.  The Court must consider two factors in dropping a party: 1) Does dropping the party affect diversity jurisdiction? 2) Does dropping the party prejudice the remaining parties? (**Newman-Green, Inc. v. Alfonzo-Larrain**, 490 U.S. 826, 832 and 837 (U.S.Ill.,1989); See also **Galt G/S v. JSS Scandinavia**, 142 F.3d 1150, 1154 (9th Cir. 1998).

1  This action was brought on the basis of original jurisdiction under 28 **U.S.C.** §1331 for
2  violations of the **CAN-SPAM Act of 2003** (15 **U.S.C.** §§7701, et seq.).  Therefore diversity
3  jurisdiction is not an issue.  See First Amended Complaint ("FAC") ¶1.

4  There appears to be no prejudice to the other parties in the matter.

5  Therefore Plaintiffs request that the Court drop Defendant Kirk Whiting from this matter.

**B.  The court has authority to sever any claim on motion or on its own.**

7  The Court may also sever any party for good cause as long as the severance does not
8  prejudice any party.  **Rule 21**; *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  In
9  this case Defendant Rausch has failed to appear and has declared bankruptcy.  See
10  Declaration of Richard Grabowski, Exhibit A – Notice of Bankruptcy.

11  Currently the Court cannot rule on the summary judgment motion concerning Defendant
12  Heckerson while the outstanding issues of civil procedure involving Mr. Rausch's default
13  judgment and bankruptcy are outstanding.  It would be entirely unfair for Defendant Heckerson
14  to hide behind the bankruptcy of Defendant Rausch and in effect create a "statistical closure of
15  the entire case".  *Broadcast Music, Inc. v. Northern Lights, Inc.*, 555 F.Supp.2d 328, 331 –
16  332 (N.D.N.Y., 2008).  Therefore to further the issues of this matter there is good cause to
17  sever Defendant Rausch and the claims against him.

18  There is no indication that severing Defendant Rausch and Plaintiffs claims against him
19  will in any way prejudice any of the other parties in this matter.

20  Therefore the court should sever Defendant Rausch and Plaintiffs' claims against him.

**SINGLETON LAW GROUP**

Dated:   February 18, 2010        /s/ Jason K. Singleton
                                  Jason K. Singleton
                                  Richard E. Grabowski, Attorneys for Plaintiffs,
                                  **ASIS INTERNET SERVICES and JOEL**
                                  **HOUSEHOLTER, dba KNEELAND**
                                  **ENGINEERING, dba FOGGY.NET**