**Jason K. Singleton,** State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski,** State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
**FAX  441-1533**

**Attorneys for Plaintiffs, ASIS INTERNET SERVICES
and JOEL HOUSEHOLTER, dba KNEELAND
ENGINEERING, dba FOGGY.NET**

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET**<br><br>          **Plaintiff,**<br><br>**vs.**<br><br>**RICHARD RAUSCH, EDWARD HECKERSON, individually and fictitiously doing business as FIND A QUOTE, and DOES ONE through FIFTY, inclusive,**<br><br>          **Defendants.** | **Case No.  C-08-3186 EDL**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – VIOLATION OF CAN-SPAM ACT OF 2003 [15 *U.S.C.* § 7701,  *et seq.*]**<br><br>**DEMAND FOR JURY TRIAL** |

          **Plaintiff, ASIS INTERNET SERVICES, a California corporation,** an Internet Access Provider; **and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,** an Internet Access Provider, complain of Defendants **RICHARD RAUSCH, EDWARD HECKERSON, individually and fictitiously doing business as FIND A QUOTE, and DOES ONE through FIFTY, inclusive,** and alleges violations of **CAN-SPAM Act,** 15 **U.S.C.** §7704(a) and (b) and requests injunctive relief, statutory damages, aggravated damages, and attorney fees authorized as remedies under 15 **U.S.C.** §7706(g).

### JURISDICTION AND VENUE

          1.        This Court has original jurisdiction of this action pursuant to 28 **U.S.C.** §1331 for violations of the **CAN-SPAM Act of 2003** (15 **U.S.C.** §§7701, et seq.).   This Court also has

1   original jurisdiction under 15 **U.S.C.** §7706(g)(1) for cases involving a civil action by an

2   **internet access provider** adversely affected by a violation of section 15 **U.S.C.** §7704(a)(1),

3   15 **U.S.C.** §7704(b), or 15 **U.S.C.** §7704(d), or a pattern or practice that violates paragraphs

4   (2), (3), (4), or (5) of section 15 **U.S.C.** §7704(a).

5       2.   Plaintiff **ASIS** received **24,724** Commercial Electronic Mail Messages, emails,

6   from various email accounts using various domain names.   Plaintiff **FOGGY** received **10,978**

7   Commercial Electronic Mail Messages, emails, from various email accounts using various

8   domain names. See **Exhibit A** attached hereto for examples of the emails and the source

9   code of the emails (note that many spammers use codes that prevent the pictures in the

10  emails from being printed or saved.  In addition to the emails as they appear on the screen to

11  the user, Plaintiffs have included complete sets of the actual images imbedded in the emails),

12  See **Exhibit B** for a list of sending domain names and the number of emails associated with

13  each domain name.   These emails are unsolicited commercial advertisements.   Plaintiffs

14  cannot identify the sender of the email with absolute certainty because the emails were sent

15  with the domain names registered using proxy or privacy services.  See **Exhibit A** for a sample

16  of the emails.  See **Exhibit C** attached hereto for WHOIS reports for the sending domains for

17  the sample emails. See **Exhibit D** attached hereto for a list of all the sending domain names

18  and the associated proxy/privacy services.  These proxy/privacy services offer private domain

19  name registration that conceals the identity of the true registrant.  Plaintiff can only discover

20  the ultimate identity of the true sender through a subpoena.  See **Exhibit E** attached hereto for

21  the proxy/privacy services agreements.  However, Plaintiffs' counsel has subpoenaed a portion

22  of the listed domains under a different case (**ASIS vs Active Response Group**, Case No. C-

23  07-6211 TEH) and can identify the two of the senders of the domains based on those

24  subpoenas.  See **Exhibit F** for subpoena results identifying Defendants: **RICHARD RAUSCH**

25  **and EDWARD HECKERSON** from Domains By Proxy, Dotster, Moniker, and GoDaddy.

26      3.   **RICHARD RAUSCH, dba FIND A QUOTE** resides at 636 NW 39th Ave.,

27  Deerfield Beach, Florida.   Plaintiffs are informed and believes and therefore alleges that

28  Defendant  **RICHARD RAUSCH** sent **17,775** commercial emails to email accounts at **ASIS**

1   **INTERNET SERVICES (hereafter "ASIS)** and **JOEL HOUSEHOLTER dba KNEELAND**

2   **ENGINEERING, dba FOGGY.NET (hereafter "FOGGY")**.  Defendant **RICHARD RAUSCH**

3   has purposely availed himself of the privileges of conducting activities in the forum, the emails

4   are the subject of the action, and exercise of jurisdiction is reasonable since Defendant should

5   have known that he would be subject to the jurisdiction and laws of the forum when he sent

6   commercial emails to email accounts at Northern California Internet Access Providers.  *Aitken*

7   *v. Communications Workers of America*, 496 F.Supp.2d 653 at 659 (E.D.Va., 2007);

8   *Verizon Online Services, Inc. v. Ralsky*, 203 F.Supp.2d 601 at 611 - 620 (E.D.Va., 2002);

9   and *Internet Doorway, Inc. v. Parks*, 138 F.Supp.2d 773 at 779 - 780 (S.D.Miss., 2001).

10       4.     Plaintiffs are informed and believes and therefore alleges that Defendant

11  **EDWARD HECKERSON, dba FIND A QUOTE,** sent **24,724** commercial emails to email

12  accounts at **ASIS** and **10,978** commercial emails to email accounts at **FOGGY**.  This Court has

13  personal jurisdiction over Defendant **EDWARD HECKERSON, dba FIND A QUOTE,** with his

14  place of business listed as 2920 N. Green Valley Parkway, Suite 321, Henderson, Nevada

15  89014.  Defendant **EDWARD HECKERSON** has purposely availed himself of the privileges of

16  conducting activities in the forum, the emails are the subject of the action, and exercise of

17  jurisdiction is reasonable since Defendant should have known that he would be subject to the

18  jurisdiction and laws of the forum when he sent commercial emails to email accounts at

19  Northern California Internet Access Providers.  *Aitken v. Communications Workers of*

20  *America*, 496 F.Supp.2d 653 at 659 (E.D.Va., 2007); *Verizon Online Services, Inc. v.*

21  *Ralsky*, 203 F.Supp.2d 601 at 611 - 620 (E.D.Va., 2002); and *Internet Doorway, Inc. v.*

22  *Parks*, 138 F.Supp.2d 773 at 779 - 780 (S.D.Miss., 2001).

23       5.     Plaintiffs are informed and believes and therefore allege that Defendant

24  **EDWARD HECKERSON, dba FIND A QUOTE,** is the owner and operator of the spam mailer

25  service used to actually transmit all of the emails in this matter; took an active part in

26  formulating and mailing the emails; and was contractually entitled to benefit from profits

27  derived from responses to the illicit emails.

28       6.     Each of the **35,702** emails identified themselves in the body of the emails as

SECOND AMENDED COMPLAINT FOR DAMAGES          3                                    C-08-3186 EDL
AND INJUNCTIVE RELIEF

being sent by "**FIND A QUOTE.**"   See sample emails in **Exhibit A**.

7.      Therefore, there is good evidence to support Plaintiffs' allegation that **RICHARD RAUSCH and EDWARD HECKERSON, individually and fictitiously doing business as FIND A QUOTE** are the senders of the emails.

8.      Venue is proper in this Court pursuant to 28 ***U.S.C.*** §1391(b) and is founded on the fact that a substantial part of the unlawful actions of the Defendants occurred in this judicial district.

**FACTUAL ALLEGATIONS**

9.      Plaintiffs are informed and believe and therefore allege that Defendant **RICHARD RAUSCH** is an individual residing in Florida.

10.     Plaintiffs are informed and believe and therefore allege that Defendant **EDWARD HECKERSON** is an individual residing in Nevada.

11.     Plaintiffs are informed and believe and therefore allege that the fictitious name of **FIND A QUOTE** is an alias, agent, service mark, brand name, or domain name for Defendants **RICHARD RAUSCH and EDWARD HECKERSON.**

12.     Plaintiffs **ASIS** and **FOGGY** do not know the true names and capacities of named defendants and **DOES ONE to FIFTY, inclusive**, other that those stated herein, their business capacities, their ownership connection to the business(es), nor their relative responsibilities in causing violations of the ***CAN-SPAM Act of 2003*** and other violations herein complained of, and alleges a joint venture and common enterprise by all such defendants.   Plaintiffs are informed and believe and therefore allege that each of the defendants herein, including **DOES ONE to FIFTY, inclusive**, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein

described.  Plaintiffs will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **RICHARD RAUSCH, EDWARD HECKERSON, individually and fictitiously doing business as FIND A QUOTE, and DOES ONE through FIFTY, inclusive**, are ascertained.

13.     Plaintiffs are informed and believe and allege that all named Defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

14.     Plaintiff **ASIS** is a California corporation registered to do business in California and is located in Garberville, California.  **ASIS** provides Internet access service within the meaning of 15 *U.S.C.* §7702(11).

15.     Plaintiff **FOGGY** is a sole proprietorship and is located in Eureka, California. **FOGGY** provides internet access service within the meaning of  15 *U.S.C.* §7702(11).

16.     Plaintiffs are informed and believe and therefore allege that Defendants sent or caused to have sent **24,724** commercial electronic mail messages from **November 16, 2006, through May 5, 2008**, to Plaintiff **ASIS'** servers, protected computers, containing, and/or accompanied by, header information that was materially false or materially misleading.

17.     Plaintiffs are informed and believe and therefore allege that Defendants sent or caused to have sent **10,978** commercial electronic mail messages from **May 31, 2007, through March 3, 2008**, to Plaintiff **FOGGY'S** servers, protected computers, containing, and/or accompanied by, header information that was materially false or materially misleading.

18.     Plaintiffs received Defendants emails and Plaintiffs have suffered adverse affect from the sending and receipt of Defendants emails.  Plaintiffs state that they were individually adversely affected by having to process the emails over their servers and by having their agents investigate the offending emails.  Plaintiffs', **ASIS** and **FOGGY,** web sites have a clear notice that misuse of its resources is prohibited:

       **ASIS:**

       "ASIS provides the use of its equipment and services for the exclusive use of its subscribing customers. ASIS prohibits the use

of its equipment and services by anyone other than its subscribing customers for any purpose unless specifically authorized by ASIS in writing. ASIS specifically prohibits the use of its equipment and services, including but not limited to mail servers, for delivery, transmission, or re-transmission of unsolicited commercial emails (UCE) or unsolicited bulk emails (UBE)."

**FOGGY:**

"You may not use the facilities of this system to send, relay, forward, bounce, reply, or otherwise route electronic messages to (a) subscribers on this system other than as needed to complete the delivery of individual electronic messages from the subscribers correspondent(s), or (b) third parties who are not subscribers on this system without prior written permission of Foggy.net. You may contact support@foggy.net or telephone (707)476-2820 with questions about these policies. Permission will not be given to send, relay, forward, bounce, reply, or otherwise route unsolicited commercial email, and you may not use this system in any way to send, relay, forward, bounce, reply, or otherwise route unsolicited commercial email to subscribers or to third parties.

Any message(s) you send to subscribers on this system must accurately identify the originating sender of the message(s). A message with a misleading, disguised, or otherwise false originating address will be treated as unsolicited commercial email and disposed of accordingly."

19.   Plaintiffs state that the email accounts that the **35,702** commercial emails (**ASIS 24,724** emails and **FOGGY 10,978** emails) were sent to did not solicit the emails.   These emails were unsolicited because most of the email accounts they were sent to are unassigned or inactive email accounts owned by **ASIS** and **FOGGY**.   **ASIS** did not solicit any product, service, or information from any entity using these email accounts.   **FOGGY** did not solicit any product, service, or information from any entity using these email accounts.   Note that on the sample emails there is a notice towards the bottom of the email indicating the IP address and date when the recipient supposedly subscribed to receive the email.   A WHOIS search of these IP addresses indicates that this information was fabricated.   **Exhibit G** contains: the WHOIS IP information for IP 67.248.198.114 (in email sample Discount Printer Ink) indicating that this IP address does not exist; and the WHOIS IP information for IP 192.156.160.200 (in email sample EZfinance) indicating that this IP belongs to OPENService Corp. in Westborough, MA – not to Plaintiffs **ASIS** or **FOGGY**.   There is no IP indicated in the sample

email labeled Specialty Marketing, instead there are the words "Invalid Request" in the same position the IP address was being produced in the other sample emails.

20.     Plaintiffs are informed and believe and therefore allege that Defendants used an automated creation of multiple email accounts to send **35,702** commercial electronic mail messages to a Plaintiffs' protected computers.   These emails were sent from 46 unique domain names.   These domain names were subdivided into sub-domain names such as mx2.greenthe.com and mx9.greenthe.com.   Many of the email accounts used obviously computer generated names from a directory of well-known names such as joe@mx9.greenthe.com, jake@mx23.greenthe.com and Jesse@mx7.greenthe.com.   Other user names were generated using the product advertised or the name of the advertising company such as dadsandgrads@mx5.lilymedia.com, scholarshipguide@server2.hiise.com, and hdtvgiveaway@m3.rowusa.net.  See **Exhibit H** for a sample list of sending email accounts for each Plaintiff.  This indicates the email accounts were generated programmatically using a database of information containing the senders domain names and a script to generate the username (the portion of the email account before the "@" symbol) or the senders domain names and a database of the advertiser/product names.

### FIRST CAUSE OF ACTION
(**Violation of CAN-SPAM Act of 2003 – 15 *U.S.C.* §7704(a)(1),
and 15 *U.S.C.* §7704(b)(1) and (2))**

21.     Plaintiffs refer to the allegations of the preceding paragraphs 1-21 of this complaint, and incorporate the same herein by this reference as though set forth in full.

22.     On **November 16, 2006, through May 5, 2008**, Plaintiff **ASIS** received **24,724** commercial electronic mail messages from defendants to its mail server located in California that violated the ***CAN-SPAM Act of 2003***.   Plaintiff **ASIS** discovered the emails in June of 2008.

23.     On **May 31, 2007, through March 3, 2008**, Plaintiff **FOGGY** received **10,978** commercial electronic mail messages from defendants to its mail server located in California that violated the ***CAN-SPAM Act of 2003***.  Plaintiff **FOGGY** discovered the emails in June of 2008.

24.    Plaintiffs allege that all of the relevant electronic mails sent by the Defendants contained or were accompanied by header information that was materially false or materially misleading.   Each of these **35,702** messages indicated that they were from email accounts such as "Discount Printer Ink," "Specialty Merchandising," "EZfinance" or various other unknown identities.   These false email names resolved into emails sent by various person or persons unknown (e,g, Discount Printer Ink to joe@vmx4.penontatt.com, Specialty Merchandising to joe@mx15.greenthe.com, and EZfinance to joe@vmx9.penontatt.com).   See sample emails and source code in **Exhibit A** attached hereto.  (Note that all receiving email accounts have been redacted, while most of these emails represent inactive email accounts they are still the property of **ASIS** and **FOGGY** and are protected by their corporate privileges.)  A WHOIS check of the domain name registration for penontatt.com and greenthe.com indicates that the domain names were registered under a protection service. See **Exhibit C** attached hereto for WHOIS reports for the sending domains for the sample emails. Plaintiff has reviewed the Domain Name registration for all of the emails received and determined that all of the sending domains were registered under a service that conceals the true identity of the domain name registrant through a proxy/privacy service.  See **Exhibit D** attached hereto for a complete list of all the sending domain names and the associated proxy/privacy services.   The true registrants for the sending domains cannot be determined without a subpoena.   See **Exhibit E** attached hereto for advertisements for the proxy/privacy services and their Civil Subpoena policies. 15 *U.S.C.* §7704(a)(1)(A) states:

> "(A) header information that is technically accurate but includes an originating electronic mail address, domain name, or Internet Protocol address the access to which for purposes of initiating the message was obtained by means of false or fraudulent pretenses or representations shall be considered materially misleading.

15 *U.S.C.* §7704(a)(6) states:

> "the term "materially", when used with respect to false or misleading header information, includes the alteration or concealment of header information in a manner that would impair the ability of an Internet access service processing the message on behalf of a recipient, a person alleging a violation of this section, or a law enforcement agency to identify, locate, or respond to a person who initiated the electronic mail message or to investigate

the alleged violation…"

Therefore, since domain names were concealed from investigation through a proxy services, the electronic mail messages violated 15 *U.S.C.* §7704(a)(1)(A).

25.     The ***CAN SPAM Act*** defines false header information as an email that contains an email account, domain name, or IP address that was obtained under false representations. 15 *U.S.C.* §7704(a)(1)(A).   When registering a domain name with a privacy service the registrant is required to represent that they will not use the domain to send unsolicited commercial email or unsolicited bulk email.  See **Exhibit E** attached hereto for advertisements for the proxy/privacy services and their Civil Subpoena policies.  By using the domain to send unsolicited commercial email and unsolicited bulk email the sender has violated the registration agreements of the services.   Plaintiffs therefore are informed and believe and therefore allege that the sending domain was obtained with a false representation and the Defendants are in violation of 15 *U.S.C.* §7704(a)(1)(A).

26.     Plaintiffs are informed and believes and therefore alleges that the emails were sent without valid unsubscribe physical addresses in violation of 15 *U.S.C.* §7704(a)(5)(A)(iii). Each of the emails contains a physical opt-out address.   However, Plaintiffs investigations indicate that these addresses either do not exist or are not valid addresses for the senders of the emails.  For example the address "500 BUSINESS PARK ROAD, SUMMIT, UT" found in 3,636 of the emails does not exist according to the U.S. Postal Service website.  See **Exhibit I** attached hereto.  The physical address "P.O. Box 1187, La Verne, CA 91750" that appears in 758 emails is an invalid postal box according to the U.S. Postal service.  See **Exhibit J** for a sample email and the Laverne, California, Postmaster inquiry result.

27.     Plaintiffs are informed and believe and therefore allege that the defendants sent or had sent **35,702** separate items of electronic mail to the plaintiff, from addresses that were acquired by the use of automated tools or scripts.  Said conduct was in violation of 15 *U.S.C.* §7704(b)(2).

28.     As a proximate result of said unlawful conduct by said Defendants, Plaintiffs are entitled to statutory damages in the amount of up to $100.00 per email in the case of violation

of 15 **U.S.C.** §7704(a)(1) in the form of statutory damages as set forth in 15 **U.S.C.** §7706(g)(1)(B)(ii) and (3)(A)(i).

29.    As a proximate result of said unlawful conduct by said Defendants, Plaintiffs are entitled to statutory damages in the amount of up to $25.00 per email in the case of violation of 15 **U.S.C.** §7704(a)(5) in the form of statutory damages as set forth in 15 **U.S.C.** §7706(g)(1)(B)(ii) and (3)(A)(ii).

30.    As a proximate result of said unlawful conduct by said defendants, Plaintiffs are entitled to treble all statutory damages as a result of violation of any section of 15 **U.S.C.** §7704(b) as set forth in 15 **U.S.C.** §7706(g)(1)(C).

31.    Plaintiffs furthermore seeks a preliminary and permanent injunction against the defendants for their current and future violations of the **CAN-SPAM Act of 2003** as Plaintiffs and members of the general public will continue to incur damages as a result of the unlawful conduct of said defendants.  The seeking of injunctive relief by the Plaintiffs is specifically authorized by 15 **U.S.C.** §7706(g)(1)(A).

32.    Plaintiffs furthermore seek their attorney fees and costs against the Defendants pursuant to 15 **U.S.C.** §7706(g)(4).

**WHEREFORE**, Plaintiffs pray judgment against the Defendants and each of them as follows:

1.    For statutory damages of up to $100.00 for each violation of 15 **U.S.C.** §7704(a)(1) in the sum of **$3,570,200**;

2.    For statutory damages of up to $25.00 for each violation of 15 **U.S.C.** §7704(a)(5) in the sum of **$937,550**;

3.    For aggravated damages under 15 **U.S.C.** §7706(g)(1)(C) of up to three times the amount above for these violations committed by the defendants' as violations of 15 **U.S.C.** §7704(b) in the sum of **$13,523,250**;

4.    For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the **Can-Spam Act of 2003**;

5.    For an award of reasonable attorneys' fees and costs according to proof;

6.   For costs of suit; and

7.   For such other and further relief as this Courts deems just and proper.

**SINGLETON LAW GROUP**

Dated:   April 2, 2010   _/s/ Jason K. Singleton_____
Jason K. Singleton
Richard E. Grabowski, Attorneys for Plaintiffs,
**ASIS INTERNET SERVICES and JOEL
HOUSEHOLTER, dba KNEELAND
ENGINEERING, dba FOGGY.NET**

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated:   April 2, 2010   _/s/ Jason K. Singleton_____
Jason K. Singleton
Richard E. Grabowski, Attorneys for Plaintiffs,
**ASIS INTERNET SERVICES and JOEL
HOUSEHOLTER, dba KNEELAND
ENGINEERING, dba FOGGY.NET**